ALEXANDER G. CALFO, SBN 152891
acalfo@kslaw.com
SUSAN V. VARGAS, SBN 177972
svargas@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendants
MERCK & CO., INC.; MERCK SHARP
& DOHME CORP.[1]; ORGANON & CO.;
and ORGANON LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PARKER, an individual, <br><br>               Plaintiff, <br><br>vs. <br><br>MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, Inclusive, <br><br>               Defendants. | Case No. 3:24-cv-00916-H-BLM <br><br>**SUPPLEMENTAL MEMORANDUM CITING NEW AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (ECF 11)** <br><br>**Hearing:** **August 19, 2024** <br>**Time:** **10:30 a.m.** <br>**Courtroom:** **12A** <br>**Judge:** **Hon. Marilyn L. Huff** <br><br>Action Filed: May 23, 2024 <br>Trial Date: November 12, 2024 |

---

[1] Merck Sharp & Dohme Corp. is now known as Merck Sharp & Dohme LLC.

1. Defendants write to inform this Court of a recent decision from the California Supreme Court: *Himes v. Somatics, LLC*, ___ Cal. 5th ___, 2024 WL 3059637, No. S273887 (June 20, 2024). The decision will not become final until July 22, 2024. *See* Cal. R. Ct. 8.532(b)(1); Cal. Code Civ. Proc. § 12a.

2. *Himes* reaffirms that to prevail on a failure to warn claim involving an FDA-approved prescription medication, a plaintiff must prove that (1) the defendant manufacturer breached its duty to provide an adequate warning (*i.e.*, that the defendant provided an inadequate warning); and (2) the failure to provide an adequate warning caused the plaintiff's injury. *See Himes*, 2024 WL 3059637, *1.

3. *Himes* also reaffirms that under California's learned intermediary doctrine, a defendant manufacturer's duty to provide an adequate warning runs only to the plaintiff's prescribing physician(s). *Id.*

4. Operating within this well-established framework, *Himes* clarifies that a plaintiff does not necessarily have to show that his or her prescribing physician would *not* have prescribed the medicine in the face of a stronger warning in order to prove proximate causation: instead, a plaintiff can alternatively prove proximate causation "by showing that the physician would have communicated the stronger warning to the patient and an objectively prudent person in the patient's position would have thereafter declined the treatment notwithstanding the physician's continued recommendation of the treatment." *Id.* at *5, 10.

5. The California Supreme Court stressed that its "holding does not remove the physician's expertise from consideration in the causation analysis." *Id.* at *7. On the contrary, given "the essential role of the physician's recommendation in the patient's treatment decision," "the causation analysis should take into consideration any evidence about what the physician would have communicated to the patient regarding the treatment *and the allegedly undisclosed risks*, including any evidence that the patient's physician would have still recommended the treatment even if the

manufacturer had provided an adequate warning of the alleged risks." *Id.* *7–8 (emphasis added).

6. Here, Defendants remain entitled to summary judgment for lack of proximate causation under *Himes* because Plaintiff has adduced no evidence to show either that his prescribing providers would have elected *not* to prescribe montelukast if Defendants had implemented the different warnings Plaintiff proffers through his expert, Dr. Dima Qato, or that Plaintiff's prescribers would have alternatively communicated Dr. Qato's proposed warnings to Plaintiff and an objectively prudent person in Plaintiff's position would have thereafter declined to take the medicine.

7. Plaintiff's failure to meet his burden under either prong of the *Himes* inquiry is unsurprising given the limited warnings Dr. Qato contends Defendants should have implemented above and beyond the unambiguous warnings regarding neuropsychiatric events that were already contained in the product labeling when Plaintiff was prescribed the medicine. *Compare* ECF 11-1 at 26-27, *with* ECF 11-1 at 19-20. Indeed, Dr. Qato only opines, at best, that Defendants should have also (1) warned "about increases in neuropsychiatric risks" due to "variability in the pharmacokinetics of montelukast in pediatric populations"; (2) "modified instructions in dosage and administration to a lower dose of montelukast in adolescents"; and (3) warned about "food effects" on levels of montelukast. ECF 11-1 at 19-20.

8. The record is devoid of evidence that Plaintiff's prescribers—who were already aware of the risks of neuropsychiatric events when they prescribed Plaintiff the medicine as an adult—would have acted any differently if Defendants had implemented Dr. Qato's proffered warnings directed toward pediatric and adolescent populations. *See* ECF 11-1 at 22-23. None of Plaintiff's prescribing providers were even asked about the effect if, any, that the specific warnings proposed by Dr. Qato would have had on their decision to prescribe Plaintiff montelukast, much less whether they would have at least communicated Dr. Qato's proposed warnings to Plaintiff. In the absence of any evidence

on these two points, Plaintiff has not satisfied his burden of adducing sufficient evidence of proximate causation—thereby entitling Defendants to summary judgment.

DATED: July 1, 2024

KING & SPALDING LLP

*/s/ Susan V. Vargas*
Alexander G. Calfo
Susan V. Vargas
Attorneys for Defendants
MERCK & CO., INC.; MERCK SHARP & DOHME CORP.; ORGANON & CO.; and ORGANON LLC