ALEXANDER G. CALFO, SBN 152891
acalfo@kslaw.com
SUSAN V. VARGAS, SBN 177972
svargas@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443 4355
Facsimile: +1 213 443 4310

Attorneys for Defendants
MERCK & CO., INC.; MERCK SHARP
& DOHME CORP.[1]; ORGANON & CO.;
and ORGANON LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PARKER, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, Inclusive,<br><br>                    Defendants. | Case No. 3:24-cv-00916-H-BLM<br><br>**DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE THE DECLARATION OF DAVID HEALY SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE**<br><br>**Hearing:**     **August 19, 2024**<br>**Time:**         **10:30 a.m.**<br>**Judge:**        **Hon. Marilyn L. Huff**<br>**Courtroom:** **12A**<br><br>Action Filed:   May 23, 2024<br>Trial Date:      November 12, 2024 |

---

[1] Merck Sharp & Dohme Corp. is now known as Merck Sharp & Dohme LLC.

Case No. 3:24-cv-00916-H-BLM

Pursuant to Federal Rules of Civil Procedure 26 and 37(c), Defendants Merck & Co., Inc., Merck Sharp & Dohme LLC, Organon & Co., and Organon, LLC (collectively, "Defendants") object to and move to strike the declaration of Plaintiff Richard Parker's expert, Dr. David Healy (ECF No. 23-1, "Healy Decl."), filed in opposition to Defendants' Motion to Exclude.

## I. INTRODUCTION

In opposition to Defendants' Motion to Exclude Dr. Healy, Plaintiff submitted an untimely and improper declaration from his expert. This declaration does not qualify as a proper supplemental report pursuant to Rule 26 and should be stricken because it contains previously undisclosed opinions and relies upon information that was available prior to the deadlines for submission of expert reports. *See* Fed. R. Civ. P. 26(e) & 37(c); *see also Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010).

## II. PROCEDURAL BACKGROUND

On November 16, 2022, before Plaintiff's claims were severed for trial, this Court issued a scheduling order governing discovery and other pretrial deadlines in this matter. *See* ECF No. 25, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM. On July 28, 2023, the Court granted the parties' Joint Motion to Amend the Scheduling Order, and set the following deadlines relevant to expert discovery:

- January 5, 2024 – Plaintiffs' Designation of Experts and Reports
- February 2, 2024 – Defendants' Designation of Experts and Reports
- March 1, 2024 – Supplemental Expert Contradictory/Rebuttal Designation and Reports
- April 26, 2024 – Close of Expert Discovery

*See* ECF No. 65, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM.

On January 5, 2024, Plaintiff served reports from two experts, Dr. David Healy and Dr. Dima Qato. Defendants deposed Dr. Healy on February 20-22, 2024 and Dr. Qato on February 26-27, 2024. Following Plaintiff's *ex parte* motion to modify his

deadline to serve rebuttal expert disclosures and reports, the Court extended the deadline for such disclosures to March 12, 2024, and continued the close of expert discovery to May 8, 2024. *See* ECF No. 79 at 7, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM. Despite this extension, Plaintiff did not serve any supplemental or rebuttal expert disclosures or reports before the close of expert discovery.

Defendants moved to exclude the opinions of Dr. Healy and Dr. Qato on May 29 and May 30, 2024, respectively. *See* ECF Nos. 9 & 10. Plaintiff filed his Opposition to Defendants' Motion to Exclude Dr. Healy's Opinions on July 8, 2024 and attached a declaration executed by Dr. Healy in support. *See* ECF No. 23-1. On July 10, 2024, two days after the deadline, Plaintiff filed his Opposition to Defendants' Motion to Exclude Dr. Qato's Opinions and attached a declaration executed by Dr. Qato in support. *See* ECF No. 27-4.

### III.   LEGAL STANDARD

"Federal Rule of Civil Procedure 26 requires that a party's expert witness disclose, in a written report, 'a complete statement of all opinions the witness will express' at trial, and the basis and reasons for them." *Plexxikon v. Novartis Pharms. Corp.*, No. 17-cv-04405-HSG, 2020 WL 1325068, at *2 (N.D. Cal. Mar. 20, 2020). While Rule 26(e) creates a "duty to supplement" expert reports and disclosures, it does not create "a right" to do so. *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). The law is clear: the duty to supplement does not "permit a party to introduce new opinions after the disclosure deadline under the guise of 'a supplement.'" *Plumley*, 836 F. Supp. 2d at 1062. "Nor does Rule 26(e) create a loophole through which a party . . . who wishes to revise [his] disclosures in light of [his] opponent's challenges to the analysis and conclusions therein can add to them to [his] advantage after the court's deadline for doing so has passed." *Luke*, 323 F. App'x at 499-500. Accordingly, where an expert declaration states additional opinions or seeks to "strengthen or deepen opinions" expressed in an expert report, it "is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley*, 836 F. Supp. 2d

at 1062 (internal quotations and citation omitted); *see also Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. 13-CV-1946-LAB WVG, 2015 WL 1119406, at *7 (S.D. Cal. Mar. 11, 2015).

Rule 37 governs the exclusion of overreaching "supplementation" by experts and provides that if expert testimony is not properly and timely disclosed, "'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.'" *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 981 (N.D. Cal. 2014) (quoting Fed. R. Civ. P. 37(c)(1)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). This sanction is "self-executing" and "automatic." *Yeti*, 259 F.3d at 1106. The party facing the sanction of exclusion, *i.e.*, the non-disclosing party, "bears the burden of proving substantial justifiability or harmlessness." *Shahbaz v. Johnson & Johnson*, No. CV 13-07382-AB (SSx), 2020 WL 5894590, at *5 (C.D. Cal. July 31, 2020).

## IV. ARGUMENT

### A. Plaintiff's Expert's Declaration is Untimely and Does Not Qualify as a Proper Supplemental Report Pursuant to Rule 26(e).

As the deadline for the close of expert discovery has long passed, the only way Plaintiff's expert's declaration could be construed as proper would be if it qualified as a supplemental report under Rule 26(e).[2] *See Bessler v. City of Tempe,* No. CV-19-04610-PHX-MTL, 2021 WL 3089104, at *12 (D. Ariz. July 22, 2021), *amended on*

---

[2] Even if the declaration qualified as a proper Rule 26(e) supplemental report, which it does not, it would still be untimely as this Court's scheduling order required such reports to be submitted by March 12, 2024—four months ago. *See* ECF No. 65, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM; ECF No. 79 at 7, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM; *see also* Fed. R. Civ. P. 26(e)(1)(B).

*reconsideration in part*, 2021 WL 4122247 (D. Ariz. Sept. 9, 2021).  A supplementation pursuant to Rule 26(e) is reserved for "correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Martinez v. Costco Wholesale Corp.*, No. 19-CV-1195-GPC-WVG, 336 F.R.D. 183, 189 (S.D. Cal. 2020) (internal quotations and citations omitted).  Even where the topics discussed in an initial report and supplemental report or declaration are "broadly similar," supplementation does not permit an expert to introduce "new justifications" for his or her opinions. *Jarose v. Cnty. of Humboldt*, No. 18-cv-07383-RS, 2023 WL 2333880, at *11 (N.D. Cal. Mar. 1, 2023).

Courts in the Ninth Circuit do not permit blatant disregard for the Federal Rules of Civil Procedure and the Court's scheduling orders as Plaintiff does here.  For example, in *Luke*, the Ninth Circuit held that "[t]he district court did not abuse its discretion in excluding as untimely the expert declarations submitted by Plaintiffs in response to the [defendants'] summary judgment motion." 323 F. App'x at 498-99.  Indeed, the Court noted that the plaintiffs' attempt to "fix [a] weakness" in their case identified by the defendants in their summary judgment motion by asserting new opinions in an untimely declaration was decidedly outside the scope of a proper Rule 26(e) supplement. *See id.* at 499-500.  Similarly, in *Mariscal*, the plaintiff submitted an untimely expert declaration in support of his opposition to the defendants' motion for summary judgment. 52 F. Supp. 3d at 980.  In response to the defendants' motion to strike the declaration as an untimely expert disclosure, the plaintiff argued that the declaration merely "restated opinions that were earlier disclosed." *Id.*  The court, however, agreed with the defendants and excluded the declaration, noting that the new declaration "enlarged the scope" of the expert's "previously disclosed expert opinion" and, thus, was an "untimely and improper expert disclosure." *Id.* at 980, 982.

Here too, the declaration of Dr. Healy contains new and untimely opinions designed to respond to Defendants' Motion to Exclude and is retroactively "moving [the] target." *See Mariscal*, 52 F. Supp. 3d at 983-84.  Further, this declaration

impermissibly relies upon materials that were not mentioned in the expert's report despite being available prior to the close of expert discovery. *See Martinez*, 336 F.R.D. at 190. Plaintiff's gamesmanship is exactly the "kind of invocation of Rule 26(e) against which the Ninth Circuit has cautioned." *See Plexxikon*, 2020 WL 1325068, at *3. Indeed, permitting submission of his expert's declaration at this stage would render meaningless the Court's scheduling order, which provided a specific schedule for initial expert reports, rebuttal and supplemental expert reports, and the close of expert discovery. *See Plumley*, 836 F. Supp. 2d at 1062 ("Enabling this pattern of behavior would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines.") (internal quotations omitted). As detailed below, Dr. Healy's declaration seeks to expand the opinions expressed in his expert report and should be excluded as improper. *See id*. Any ruling to the contrary would lend credence to "a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports" because any party, "in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Jarose*, 2023 WL 2333880, at *11 (internal quotations and citation omitted).

### i. Dr. Healy's Declaration

Dr. Healy dedicates the entirety of his belated declaration to attempting to explain his methodology through new justifications and statements that boil down to nothing more than the quintessential *ipse dixit* of unreliable expert testimony. *See generally* ECF No. 23-1, Healy Decl.

For example, Dr. Healy now identifies for the first time two FDA guidance documents from 2005 as bases for his purported differential diagnosis. *See id.* ¶ 11. Citations to these 2005 authorities are conspicuously absent from his expert report and should not be permitted as a Rule 26(e) supplement at this late stage. *See Jarose*, 2023 WL 2333880, at *11. Further, even if this Court were to consider Dr. Healy's declaration, his non-specific reference to a hundred-plus pages worth of FDA

guidances—lacking citations to the portions that he claims support his opinions—provides no explanation as to *how* these documents support his specific causation methodology and conclusions. *See* Healy Decl. ¶ 11.

Moreover, Dr. Healy's discussion in his declaration as to the impact, or lack thereof, of nonspecific medical records and unidentified medical literature on his opinion in this case fails to adequately explain the bases for his conclusions. *See id.* ¶ 15. He identifies no specific support for his statements other than his own say so. *See id.* This same failure permeates throughout Dr. Healy's declaration as he repeatedly offers vague statements in an attempt to bolster his report—statements which were not timely disclosed or warranted—yet fails to substantiate those statements with any evidence supporting his conclusions. *See, e.g., id.* ¶¶ 16-19. For example, Dr. Healy claims that he "did not summarily discount the role of other drugs, medical conditions, trauma and potential family history, in causing Richard Parker's neuropsychiatric injuries" because he used a "differential diagnosis" to determine that "montelukast induced neuropsychiatric injury" existed in this case, yet he offers no extrinsic support for this statement to render his opinion reliable. *Id.* ¶¶ 20-21.

Further, Dr. Healy directly responds to criticisms from Defendants' Motion to Exclude him by offering further explanation and justifications for his opinions that were not addressed in his report. *See id.* ¶¶ 19, 21, 23-25. For example, Dr. Healy states that Defendants have "misinterpret[ed] his comments on general causation vs. specific causation" and elaborates that general causation "is of limited utility in assessing whether there is drug-indued toxicity causing neuropsychiatric injury in a given case." *Id.* ¶ 25. Of course, not only does this self-serving statement cite to no reliable support for this position, but a declaration designed to strengthen or deepen opinions "in light of [the expert's] opponent's challenges to the analysis and conclusions therein" is exactly the type of declaration that the Ninth Circuit has held should be stricken pursuant to Rule 37(c). *Luke*, 323 F. App'x at 499-500.

Critically, nowhere in his declaration does Dr. Healy identify any information that

was not available until *after* the deadline for submission of supplemental reports and the close of expert discovery. *See id.*  Rule 26(e) is clear that supplementation is permitted *only* to supplement or correct a discovery or disclosure to address information not previously available at the time of disclosure.  *See* Fed. R. Civ. P. 26(e)(1)(A); *see also Luke*, 323 F. App'x at 499-500.  This does not equate to permitting supplemental reports or declarations to address previously available information with opinions thereafter conceived for purposes of responding to an opposing party's arguments in a motion to exclude.  *See Rovid v. Graco Children's Prods. Inc.*, No. 17-cv-01506-PJH, 2018 WL 5906075, at *11 (N.D. Cal. Nov. 9, 2018).  Because Dr. Healy cannot point to any new information resulting in the further disclosures included in his declaration, and submission of this declaration occurred well after this Court's deadline, it should be excluded in accordance with Rules 26 and 37.

### B. Plaintiff's Untimely Disclosure is Not Substantially Justified or Harmless.

An untimely expert disclosure is inadmissible unless the delay was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).  It is well-settled that Plaintiff bears the burden of demonstrating that his noncompliance with Rule 26 fits one of these exceptions so as to avoid exclusion under Rule 37(c).  *Yeti*, 259 F.3d at 1107. Defendants would not disagree that the declaration itself is harmless, as it is largely unsupported and does nothing to overcome the challenges raised in Defendants' Motion to Exclude.  Nevertheless, should the Court be inclined to believe that the declaration moves the needle even slightly, Defendants preemptively address these exceptions to Rule 37 because consideration of Plaintiff's expert's declaration would thereby result in significant prejudice.

There is no substantial justification for Plaintiff's belated submission.  As explained *supra*, all the information in the declaration "was previously available and there is no reason why it could not have been included" in the expert's report.  *See Bessler*, 2021 WL 3089104, at *13.  Attempting to cure a deficiency in an expert's

report, including those identified in Defendants' pending Motion to Exclude, does not amount to substantial justification for untimely disclosure. *Id.*; *see also U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, 438 F. Supp. 2d 1101, 1106-07 (N.D. Cal. 2006) (excluding opinions set forth in declaration submitted in opposition to motion for summary judgment because the party did not provide "substantial justification for failing to disclose these opinions in [the expert's] initial report"); *Carrillo v. B & J Andrews Enters., LLC*, No. 2:11-CV-01450-RCJ-CWH, 2013 WL 420401, at *4 (D. Nev. Jan. 31, 2013) (rejecting argument that late expert disclosure was justified because it was intended to cure a deficiency in prior disclosure).

Further, were this Court to consider Plaintiff's expert's declaration, it would not be harmless. Because Plaintiff's expert has disclosed new opinions and materials not previously included in his expert report, Defendants would be entitled to take his deposition related to these new disclosures. This alone negates any argument of harmlessness. *See Bell v. United States*, No. 12CV1053-CAB (DHB), 2013 WL 12072523, at *3 (S.D. Cal. Nov. 25, 2013) (finding additional litigation expense related to re-opening expert discovery constitutes prejudice). Here, trial is set to begin in November—less than four months from now—and "delaying the case constitutes prejudice and is not harmless." *See Bessler*, 2021 WL 3089104, at *13; *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties . . . is not harmless."). "This is true even where the trial date is not imminent." *Leland v. Cnty. of Yavapai*, No. CV-17-8159-PCT-SPL DMF, 2019 WL 1546998, at *3 (D. Ariz. Mar. 18, 2019), *report and recommendation adopted*, 2019 WL 1531874 (D. Ariz. Apr. 9, 2019); *see also Luke*, 323 F. App'x at 499 (affirming finding of harm where belated expert disclosures were disclosed 10 weeks before trial). Accordingly, because Plaintiff cannot show that his belated disclosure of the opinions offered in Dr. Healy's declaration was substantially justified or harmless, exclusion is warranted pursuant to Rule 37(c).

### III. CONCLUSION

Because Plaintiff's expert's declaration does not qualify as a proper supplemental report and was untimely submitted in a bald-faced attempt at gamesmanship to avoid exclusion of his expert, and, accordingly, summary judgment, Defendants object to and respectfully request that this Court strike the expert declaration of Dr. David Healy pursuant to Federal Rules of Civil Procedure 26 and 37.

Respectfully submitted,

DATED: July 22, 2024

KING & SPALDING LLP

*/s/ Susan V. Vargas*
Alexander G. Calfo
Susan V. Vargas
Attorneys for Defendants
MERCK & CO., INC.; MERCK SHARP & DOHME CORP.; ORGANON & CO.; and ORGANON LLC

- 9 -   Case No. 3:24-cv-00916-H-BLM
DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE THE DECLARATION OF DAVID HEALY SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE