1  ALEXANDER G. CALFO, SBN 152891
   acalfo@kslaw.com
2  SUSAN V. VARGAS, SBN 177972
   svargas@kslaw.com
3  **KING & SPALDING LLP**
   633 West Fifth Street, Suite 1600
4  Los Angeles, CA 90071
   Telephone:+1 213 443 4355
5  Facsimile:+1 213 443 4310

6  Attorneys for Defendants
   MERCK & CO., INC.; MERCK SHARP
7  & DOHME CORP.[1]; ORGANON & CO.;
   and ORGANON LLC

8

9                    **UNITED STATES DISTRICT COURT**

10                 **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  RICHARD PARKER, an individual,          Case No. 3:24-cv-00916-H-BLM

13                        Plaintiff,         **DEFENDANTS' OBJECTIONS TO
                                             AND MOTION TO STRIKE THE
14           vs.                             DECLARATION OF DIMA QATO
                                             SUBMITTED IN OPPOSITION TO
15  MERCK & CO., INC., a New Jersey          DEFENDANTS' MOTION TO
    Corporation; MERCK SHARP &               EXCLUDE**
16  DOHME CORP., a New Jersey
    Corporation; ORGANON & CO., a            **Hearing:      August 19, 2024**
17  Delaware Corporation; ORGANON LLC,       **Time:         10:30 a.m.**
    a Delaware Limited Liability Company;    **Judge:        Hon. Marilyn L. Huff**
18  and DOES 1-10, Inclusive,                **Courtroom:    12A**

19                        Defendants.        Action Filed:  May 23, 2024
                                             Trial Date:    November 12, 2024
20

21

22

23

24

25

26

27

28  ---
    [1]Merck Sharp & Dohme Corp. is now known as Merck Sharp & Dohme LLC.

Pursuant to Federal Rules of Civil Procedure 26 and 37(c), Defendants Merck & Co., Inc., Merck Sharp & Dohme LLC, Organon & Co., and Organon, LLC (collectively, "Defendants") object to and move to strike the declaration of Plaintiff Richard Parker's expert, Dr. Dima Qato (ECF No. 27-4, "Qato Decl.")[2], filed in opposition to Defendants' Motion to Exclude.

## I.     INTRODUCTION

In opposition to Defendants' Motion to Exclude Dr. Qato, Plaintiff submitted an untimely and improper declaration from his expert.  This declaration does not qualify as a proper supplemental report pursuant to Rule 26 and should be stricken because it contains previously undisclosed opinions and relies upon information that was available prior to the deadlines for submission of expert reports.  *See* Fed. R. Civ. P. 26(e) & 37(c); *see also Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010).

## II.     PROCEDURAL BACKGROUND

On November 16, 2022, before Plaintiff's claims were severed for trial, this Court issued a scheduling order governing discovery and other pretrial deadlines in this matter. *See* ECF No. 25, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM.  On July 28, 2023, the Court granted the parties' Joint Motion to Amend the Scheduling Order, and set the following deadlines relevant to expert discovery:

- January 5, 2024 – Plaintiffs' Designation of Experts and Reports
- February 2, 2024 – Defendants' Designation of Experts and Reports
- March 1, 2024 – Supplemental Expert Contradictory/Rebuttal Designation and Reports
- April 26, 2024 – Close of Expert Discovery

*See* ECF No. 65, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM.

---

[2] Plaintiff also erroneously filed an identical copy of Dr. Qato's declaration as ECF No. 26-4 but mislabeled the filing as an Opposition to Defendants' Motion to Exclude Dr. Healy.

Case No. 3:24-cv-00916-H-BLM

On January 5, 2024, Plaintiff served reports from two experts, Dr. David Healy and Dr. Dima Qato.  Defendants deposed Dr. Healy on February 20-22, 2024 and Dr. Qato on February 26-27, 2024.  Following Plaintiff's *ex parte* motion to modify his deadline to serve rebuttal expert disclosures and reports, the Court extended the deadline for such disclosures to March 12, 2024, and continued the close of expert discovery to May 8, 2024.  *See* ECF No. 79 at 7, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM.  Despite this extension, Plaintiff did not serve any supplemental or rebuttal expert disclosures or reports before the close of expert discovery.

Defendants moved to exclude the opinions of Dr. Healy and Dr. Qato on May 29 and May 30, 2024, respectively.  *See* ECF Nos. 9 & 10.  Plaintiff filed his Opposition to Defendants' Motion to Exclude Dr. Healy's Opinions on July 8, 2024 and attached a declaration executed by Dr. Healy in support.  *See* ECF No. 23-1.  On July 10, 2024, two days after the deadline, Plaintiff filed his Opposition to Defendants' Motion to Exclude Dr. Qato's Opinions and attached a declaration executed by Dr. Qato in support. *See* ECF No. 27-4.

## III.   <u>LEGAL STANDARD</u>

"Federal Rule of Civil Procedure 26 requires that a party's expert witness disclose, in a written report, 'a complete statement of all opinions the witness will express' at trial, and the basis and reasons for them."  *Plexxikon v. Novartis Pharms. Corp.*, No. 17-cv-04405-HSG, 2020 WL 1325068, at *2 (N.D. Cal. Mar. 20, 2020).  While Rule 26(e) creates a "duty to supplement" expert reports and disclosures, it does not create "a right" to do so.  *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009).  The law is clear: the duty to supplement does not "permit a party to introduce new opinions after the disclosure deadline under the guise of 'a supplement.'" *Plumley*, 836 F. Supp. 2d at 1062.  "Nor does Rule 26(e) create a loophole through which a party . . . who wishes to revise [his] disclosures in light of [his] opponent's challenges to the analysis and conclusions therein can add to them to [his] advantage after the court's deadline for doing so has passed."  *Luke*, 323 F. App'x at 499-500.  Accordingly, where

an expert declaration states additional opinions or seeks to "strengthen or deepen opinions" expressed in an expert report, it "is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley*, 836 F. Supp. 2d at 1062 (internal quotations and citation omitted); *see also Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. 13-CV-1946-LAB WVG, 2015 WL 1119406, at *7 (S.D. Cal. Mar. 11, 2015).

Rule 37 governs the exclusion of overreaching "supplementation" by experts and provides that if expert testimony is not properly and timely disclosed, "'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.'" *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 981 (N.D. Cal. 2014) (quoting Fed. R. Civ. P. 37(c)(1)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). This sanction is "self-executing" and "automatic." *Yeti*, 259 F.3d at 1106. The party facing the sanction of exclusion, *i.e.*, the non-disclosing party, "bears the burden of proving substantial justifiability or harmlessness." *Shahbaz v. Johnson & Johnson*, No. CV 13-07382-AB (SSx), 2020 WL 5894590, at *5 (C.D. Cal. July 31, 2020).

## IV.   ARGUMENT

### A.   Plaintiff's Expert's Declaration is Untimely and Does Not Qualify as a Proper Supplemental Report Pursuant to Rule 26(e).

As the deadline for the close of expert discovery has long passed, the only way Plaintiff's expert's declaration could be construed as proper would be if it qualified as a supplemental report under Rule 26(e).[3] *See Bessler v. City of Tempe*, No. CV-19-04610-

---

[3] Even if the declaration qualified as a proper Rule 26(e) supplemental report, which it does not, it would still be untimely as this Court's scheduling order required such reports

PHX-MTL, 2021 WL 3089104, at *12 (D. Ariz. July 22, 2021), *amended on reconsideration in part*, 2021 WL 4122247 (D. Ariz. Sept. 9, 2021).  A supplementation pursuant to Rule 26(e) is reserved for "correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Martinez v. Costco Wholesale Corp.*, No. 19-CV-1195-GPC-WVG, 336 F.R.D. 183, 189 (S.D. Cal. 2020) (internal quotations and citations omitted).  Even where the topics discussed in an initial report and supplemental report or declaration are "broadly similar," supplementation does not permit an expert to introduce "new justifications" for his or her opinions. *Jarose v. Cnty. of Humboldt*, No. 18-cv-07383-RS, 2023 WL 2333880, at *11 (N.D. Cal. Mar. 1, 2023).

Courts in the Ninth Circuit do not permit blatant disregard for the Federal Rules of Civil Procedure and the Court's scheduling orders as Plaintiff does here.  For example, in *Luke*, the Ninth Circuit held that "[t]he district court did not abuse its discretion in excluding as untimely the expert declarations submitted by Plaintiffs in response to the [defendants'] summary judgment motion." 323 F. App'x at 498-99.  Indeed, the Court noted that the plaintiffs' attempt to "fix [a] weakness" in their case identified by the defendants in their summary judgment motion by asserting new opinions in an untimely declaration was decidedly outside the scope of a proper Rule 26(e) supplement. *See id.* at 499-500.  Similarly, in *Mariscal*, the plaintiff submitted an untimely expert declaration in support of his opposition to the defendants' motion for summary judgment.  52 F. Supp. 3d at 980.  In response to the defendants' motion to strike the declaration as an untimely expert disclosure, the plaintiff argued that the declaration merely "restated opinions that were earlier disclosed." *Id.*  The court, however, agreed with the defendants and excluded the declaration, noting that the new declaration

---

to be submitted by March 12, 2024—four months ago. *See* ECF No. 65, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM; ECF No. 79 at 7, *Bueno v. Merck & Co., Inc., et al*, 3:22-cv-00522-H-BLM; *see also* Fed. R. Civ. P. 26(e)(1)(B).

"enlarged the scope" of the expert's "previously disclosed expert opinion" and, thus, was an "untimely and improper expert disclosure." *Id.* at 980, 982.

Here too, the declaration of Dr. Qato contains new and untimely opinions designed to respond to Defendants' Motion to Exclude and is retroactively "moving [the] target." *See Mariscal*, 52 F. Supp. 3d at 983-84. Further, this declaration impermissibly relies upon materials that were not mentioned in the expert's report despite being available prior to the close of expert discovery. *See Martinez*, 336 F.R.D. at 190. Plaintiff's gamesmanship is exactly the "kind of invocation of Rule 26(e) against which the Ninth Circuit has cautioned." *See Plexxikon*, 2020 WL 1325068, at *3. Indeed, permitting submission of his expert's declaration at this stage would render meaningless the Court's scheduling order, which provided a specific schedule for initial expert reports, rebuttal and supplemental expert reports, and the close of expert discovery. *See Plumley*, 836 F. Supp. 2d at 1062 ("Enabling this pattern of behavior would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines.") (internal quotations omitted). As detailed below, Dr. Qato's declaration seeks to expand the opinions expressed in her expert report and should be excluded as improper. *See id.* Any ruling to the contrary would lend credence to "a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports" because any party, "in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Jarose*, 2023 WL 2333880, at *11 (internal quotations and citation omitted).

### i. Dr. Qato's Declaration

Essentially all of the statements included in Dr. Qato's declaration constitute opinions that could have been, but were not, offered in either her expert report or a rebuttal report (if one had been prepared) prior to this Court's March 12, 2024 deadline. Importantly, Dr. Qato identifies no inaccuracies in her report that she seeks to correct based on new information that was not available to her prior to the report deadline.

Rather, Dr. Qato's declaration seeks to use the "very loophole the Ninth Circuit has warned against" in an untimely effort to fill "gaps" in her expert report. *See Jarose*, 2023 WL 2333880, at *9-10; *see also Mariscal*, 52 F. Supp. 3d at 983.

For example, for the first time, Dr. Qato now cites to the Medical Dictionary for Regulatory Activities ("MedDRA") as a source of information relied upon in forming the opinions in her expert report. *See* ECF No. 27-4, Qato Decl. ¶¶ 2-3. Plaintiff cannot claim that this source was unavailable to Dr. Qato at the time of her report and therefore required belated supplementation. The majority of the remainder of Dr. Qato's declaration quotes statements from her expert report and offers alternative interpretations of those statements couched as what she "would have explained" had she been asked certain questions at her deposition. *See id.* ¶¶ 5-7. Plaintiff's expert may not retroactively rewrite her report based on what she "would have" testified (but did not attempt to explain) at deposition. It is not Defendants' duty to elicit all possible explanations for statements in an opposing party's expert report. *See In re Cent. European Indus. Dev. Co.*, 427 B.R. 149, 158-59 (Bankr. N.D. Cal. 2009) ("[A]n opposing party is not required to . . . depose the expert in order to develop what her opinion is or the reasons for it."). Courts are particularly alert to this type of gamesmanship where, as here, Plaintiff had earlier opportunity to submit a supplemental report in the weeks following her deposition prior to the Court's deadline for such reports and has only done so now in conjunction with his opposition to Defendants' Motion to Exclude Dr. Qato's testimony, and "only after expert discovery has closed." *Plexxikon, Inc.*, 2020 WL 1325068, at *2. Accordingly, Dr. Qato's untimely declaration should be stricken and not considered in this Court's evaluation of Defendants' pending Motion to Exclude her opinions.

## B. Plaintiff's Untimely Disclosure is Not Substantially Justified or Harmless.

An untimely expert disclosure is inadmissible unless the delay was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). It is well-settled that Plaintiff bears the

burden of demonstrating that his noncompliance with Rule 26 fits one of these exceptions so as to avoid exclusion under Rule 37(c).  *Yeti*, 259 F.3d at 1107. Defendants would not disagree that the declaration itself is harmless, as it is largely unsupported and does nothing to overcome the challenges raised in Defendants' Motion to Exclude.  Nevertheless, should the Court be inclined to believe that the declaration moves the needle even slightly, Defendants preemptively address these exceptions to Rule 37 because consideration of Plaintiff's expert's declaration would thereby result in significant prejudice.

There is no substantial justification for Plaintiff's belated submission.  As explained *supra*, all the information in the declaration "was previously available and there is no reason why it could not have been included" in the expert's report.  *See Bessler*, 2021 WL 3089104, at *13.  Attempting to cure a deficiency in an expert's report, including those identified in Defendants' pending Motion to Exclude, does not amount to substantial justification for untimely disclosure.  *Id.*; *see also U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, 438 F. Supp. 2d 1101, 1106-07 (N.D. Cal. 2006) (excluding opinions set forth in declaration submitted in opposition to motion for summary judgment because the party did not provide "substantial justification for failing to disclose these opinions in [the expert's] initial report"); *Carrillo v. B & J Andrews Enters., LLC*, No. 2:11-CV-01450-RCJ-CWH, 2013 WL 420401, at *4 (D. Nev. Jan. 31, 2013) (rejecting argument that late expert disclosure was justified because it was intended to cure a deficiency in prior disclosure).

Further, were this Court to consider Plaintiff's expert's declaration, it would not be harmless.  Because Plaintiff's expert has disclosed new opinions and materials not previously included in her expert report, Defendants would be entitled to take her deposition related to these new disclosures.  This alone negates any argument of harmlessness.  *See Bell v. United States*, No. 12CV1053-CAB (DHB), 2013 WL 12072523, at *3 (S.D. Cal. Nov. 25, 2013) (finding additional litigation expense related to re-opening expert discovery constitutes prejudice).  Here, trial is set to begin in

November—less than four months from now—and "delaying the case constitutes prejudice and is not harmless." *See Bessler*, 2021 WL 3089104, at *13; *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties . . . is not harmless."). "This is true even where the trial date is not imminent." *Leland v. Cnty. of Yavapai*, No. CV-17-8159-PCT-SPL DMF, 2019 WL 1546998, at *3 (D. Ariz. Mar. 18, 2019), *report and recommendation adopted*, 2019 WL 1531874 (D. Ariz. Apr. 9, 2019); *see also Luke*, 323 F. App'x at 499 (affirming finding of harm where belated expert disclosures were disclosed 10 weeks before trial). Accordingly, because Plaintiff cannot show that his belated disclosure of the opinions offered in Dr. Qato's declaration was substantially justified or harmless, exclusion is warranted pursuant to Rule 37(c).

## III.   <u>CONCLUSION</u>

Because Plaintiff's expert's declaration does not qualify as a proper supplemental report and was untimely submitted in a bald-faced attempt at gamesmanship to avoid exclusion of his expert, and, accordingly, summary judgment, Defendants object to and respectfully request that this Court strike the expert declaration of Dr. Dima Qato pursuant to Federal Rules of Civil Procedure 26 and 37.

Respectfully submitted,

DATED:  July 22, 2024                    KING & SPALDING LLP

*/s/ Susan V. Vargas*
Alexander G. Calfo
Susan V. Vargas
Attorneys for Defendants
MERCK & CO., INC.; MERCK SHARP
& DOHME CORP.; ORGANON & CO.;
and ORGANON LLC